# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

Wade Allen Edwards,               )
                                  )
        Petitioner,       )
                                  )
v.                                )     **Case No. CIV 07-274-FHS**
                                  )
Jim Keith, et. al.,               )
                                  )
        Respondent.       )

### ORDER

This action is before the court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional facility in Holdenville, Oklahoma, attacks his conviction in Johnson County District Court Case Number CF-2002-52 for Second Degree Murder and Conspiracy to Manufacture Controlled Dangerous Substance.

Respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on June 23, 2003, Petitioner entered a plea of guilty to Murder in the Second Degree and Conspiracy to Manufacture Controlled Dangerous Substance in Johnson County District Court Case Number 02-52. On August 13, 2003, a judgment and sentence was entered in the case.  On August 14, 2003, Petitioner then filed a letter with the court seeking to withdraw his guilty plea. However, this motion was later withdrawn.  Thus, he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on August 23, 2003, ten days after entry of the Judgment and Sentence.   See Rule 4.2, Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit.  22, § 1051.  On

August 3, 2005, Petitioner filed an application for post-conviction relief in the state district court which was denied August 25, 2003. The denial of post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals. No. PC-2005-0888 (Okla. Crim. App. 2005). Petitioner filed this petition for a writ of habeas corpus on July 25, 2007.

Under § 2254(d) petitioner had one year from the date his conviction became final, or until August 23, 2004 to file a federal habeas petition. See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003). Because petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no tolling, and this habeas petition, filed on July 25, 2007 was untimely.[1]

Petitioner alleges the limitation period should be tolled, because he has not sat on his rights but has pursued every avenue of appeal and he is innocent of the crime as charged.

It is well established that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when

---

[1] The court notes the habeas petition is dated July 25, 2007. However, even if the petition were deemed to have been "filed" on that date, pursuant to the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), it still is untimely.

an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, an inmate must make a specific showing of a lack of access to relevant materials, and "the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998).

Here, Petitioner claims he did everything he could to pursue an appeal and that he is innocent. However, the court does not find that circumstances beyond his control prevented him from timely filing his petition. While the limitation period may be tolled for extraordinary circumstances over which a Petitioner had no control, the court finds Petitioner's circumstances do not warrant tolling, and he has not demonstrated due diligence in pursuing his federal habeas claims. See Miller, 141 F.3d at 978.

With respect to Petitioner's claim of actual innocence, the court finds Petitioner has completely failed to support the allegation of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition is **GRANTED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 15th day January 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma