# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WADE ALLEN EDWARDS**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-274-FHS-KEW |
| | ) |
| **JANET DOWLING, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

On January 15, 2008, this § 2254 habeas corpus action was dismissed as barred by the applicable statute of limitations, and the Tenth Circuit Court of Appeals denied a certificate of appealability on April 25, 2008 in Case No. 08-7011. In January 2012 petitioner filed a § 2241 petition that was construed as a second and successive § 2254 petition and transferred to the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A). *Edwards v. Wilkinson*, No. 12-024-RAW-KEW (E.D. Okla. Jan. 25, 2012). Instead of filing a motion for authorization in the Tenth Circuit, however, petitioner filed a motion to remand the transferred petition back to the district court. *In re Edwards*, No. 12-7005, slip op. at 1-2 (10th Cir. May 4, 2012). The Tenth Circuit denied the motion for remand and terminated the appellate action. *Id.*, slip op. at 3.

Petitioner now is requesting relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Docket No. 29). He maintains this motion is not a second or successive petition requiring authorization by the court of appeals under 28 U.S.C. § 2244(b)(3)(A), because he is challenging this court's previous ruling on the applicability of the statute of limitations, and the merits of his habeas claims never have been reached.

Although his motion is unclear, he apparently is arguing, among other things, that he should be granted relief, because his plea was obtained by fraud, and his codefendant Gary Lee Hicks was allowed to withdraw his guilty plea.[1] He also has filed a motion for summary judgment, asking for his unconditional release (Docket No. 32).

> Under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (internal citations omitted).

Here, petitioner is asking the court "to reopen and set aside its 2008 Order terminating as time barred the first § 2254 habeas proceeding and to decide the facts and merits of state judicial error; ineffective assistance of counsel; and prosecutorial misconduct, which were not addressed, but deserved a merit's [sic] review . . . ." (Docket No. 29 at 2). Without explanation, he alleges the statute of limitations was erroneously applied to his first petition. Because petitioner expressly is asking for judicial review of the merits of his habeas petition, the court finds his Rule 60(b) motion is a second or successive petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner, however, has failed to receive the necessary order from the Tenth Circuit Court of Appeals. "A district court does not have jurisdiction to address the merits of a second or

---

*See Hicks v. Franklin*, 546 F.3d 1279, 1287 (10th Cir. 2008).

successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*Cline*, 531 F.3d at 1252 (citations omitted). Here, the court finds this petition should be transferred to the Tenth Circuit Court of Appeals in the interest of justice.

**ACCORDINGLY,** petitioner's motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b) (Docket No. 29), is construed as a second or successive petition for a writ of habeas corpus and transferred to the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631. All remaining pending motions are DENIED.

DATED this 16th day of January, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma