# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WADE ALLEN EDWARDS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 07-274-FHS-KEW |
| | ) |
| **MIKE ADDISON, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Wade Allen Edwards appealed this court's Opinion and Order construing his motion for relief from judgment under Fed. R. Civ. P. 60(b) (Dkt. 29) as an unauthorized second or successive § 2254 application and transferring it to the Tenth Circuit Court of Appeals (Dkt. 33). The Tenth Circuit "invited Edwards to file a motion for authorization to file a second or successive § 2254 application," or he "could file a motion to remand to the district court." *In re Edwards*, No. 14-7002, slip op. at 1 (10th Cir. Apr. 14, 2014) (Dkt. 36). Petitioner's subsequent filing in the appellate court was construed as a motion to remand, so the case was remanded for consideration of the merits of the Rule 60(b) motion. *Id.*[1]

This action commenced on July 25, 2007, when petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences

---

[1] On January 17, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was construed as a second or successive petition pursuant to 28 U.S.C. § 2254. *Edwards v. Wilkinson*, No. CIV 12-024-RAW-KEW (E.D. Okla. Jan. 25, 2012). The case was transferred to the Tenth Circuit Court of Appeals to seek authorization under 28 U.S.C. § 2244(b)(3)(A). *Id.*, slip op. at 2. Instead of filing a motion for authorization, however, petitioner filed a motion to remand the transferred petition back to the district court. *In re Edwards*, No. 12-7005, slip op. at 1 (10th Cir. May 4, 2012). The Tenth Circuit found the district court had correctly construed the petition as arising under § 2254, denied the motion for remand, and terminated the matter. *Id.*, slip op. at 2.

in Johnston County District Court Case No. CF-2002-52. (Dkt. 1). He received a life sentence for second-degree murder and a concurrent ten-year sentence for conspiracy to manufacture. He raised four grounds for relief:

> I. Petitioner is innocent of second-degree murder, and the state court lacked jurisdiction to use conspiracy to manufacture as an underlying felony to support its felony murder charge.
>
> II. Oklahoma denied both substantive and procedural due process, denied equal protection, and ignored the duty that Article IV of the Constitution bestows in addressing these violations of federal law and United States Constitution.
>
> III. Oklahoma denied me a forum to collect and develop out-of-record facts surrounding the plea process and ineffective assistance of counsel claims concerning the constitutional cover-up done at the hand of Johnston County.
>
> IV. Oklahoma violated the Sixth and Fourteenth Amendments in constructively denying counsel, right to trial by jury, right to testify on my behalf, and my absolute right for a direct appeal.

(Dkt. 1 at 3-7).

The respondent alleged the petition was barred by the one-year statute of limitations. (Dkt. 13). The record shows that petitioner's convictions for Murder, Second Degree and Conspiracy to Manufacture Controlled Dangerous Substance became final on August 23, 2003, ten days after entry of his Judgment and Sentence. *See* Dkt. 14-2; *see also* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Petitioner's one-year limitation period began to run on August 24, 2003, the day after his convictions became final. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (The one-year statute of limitations begins the day after the conviction is final). Therefore, he had until August 24, 2004, to file his habeas petition.

*See* 28 U.S.C. § 2244(d)(1). This petition, however, was not filed until July 25, 2007, almost three years after the deadline had passed.

The petition alleged in part that petitioner was innocent of second-degree murder. (Dkt. 1 at 3). He explained he was "innocent of starting a fire, or having one started, and did not burn anyone." *Id*. Instead, "the facts . . . prove Stacy Hughes set up a hot plate and put a jar of liquid precursor on it which then exploded. I was not present in the room, but did put the fire out." *Id.*

The district court found there was no basis for tolling the limitations period, and he "ha[d] not demonstrated due diligence in pursuing his federal habeas claims." *Edwards*, No. 06-274-FHS-KEW, slip op. at 4. (Dkt. 18). Although petitioner proclaimed his innocence, the court found he "completely failed to support the allegation of innocence with 'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (Dkt. 18 at 4). Therefore, on January 15, 2008, the court granted the respondent's motion to dismiss the petition as time-barred. *Id*.

The Tenth Circuit denied petitioner a certificate of appealability and dismissed his appeal, agreeing with this court that the petition was barred by the one-year statute of limitations, and that he had not "diligently pursue[d] his claims and demonstrate[d] that failure to timely file was caused by extraordinary circumstances beyond his control." *Edwards v. Keith*, No. 08-7011, slip op. at 2-3 (10th Cir. Apr. 25, 2008) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). (Dkt. 28). The appellate court also found petitioner had not supported his claim of innocence and had "mistakenly argue[d] legal

innocence instead of factual innocence to justify equitably tolling the limitations period." *Id*. (citing *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007)).

On November 17, 2008, the Tenth Circuit Court of Appeals found petitioner's co-defendant Gary Lee Hicks' guilty plea to second-degree murder in Johnston County Case No. CF-2002-052 was involuntary, and this court was directed to grant a writ of habeas corpus allowing Mr. Hicks to withdraw his guilty plea. *Hicks v. Franklin*, 546 F.3d 1279, 1287 (10th Cir. 2008).

> [T]he record contains no evidence to support a finding that Mr. Hicks received notice that a depraved mind was an element of murder in the second degree. Therefore, the state court unreasonably applied existing Supreme Court precedent by refusing to apply the principles of *Henderson v. Morgan*, 426 U.S. 637 (1976), to these facts, given that the context of this case is closely analogous to *Henderson*.

*Id.* (footnote omitted).

The writ was conditionally granted to the co-defendant in *Hicks v. Franklin*, No. CIV 04-380-RAW-KEW (E.D. Okla. Dec. 12, 2008). (Dkt. 37). According to the Oklahoma State Courts Network at www.oscn.net, on April 6, 2009, Mr. Hicks entered a guilty plea to second-degree murder in Johnston County District Court Case No. CF-2002-052 and was sentenced to 25 years' incarceration, with credit for time served.

On January 23, 2013--almost five years after the Tenth Circuit dismissed petitioner's habeas appeal and more than four years after Mr. Hicks was granted a writ of habeas corpus--petitioner filed a motion for relief from judgment pursuant to Rules 60(b)(1), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 29). He alleged in the motion that he had filed another post-conviction application in October 2008, and he subsequently filed a "comprehensive" state habeas corpus petition. *Id*. at 2. In particular, he claimed he had asserted an additional claim:

4

> [T]he principles of law and equity are justified as relief given co-defendant Hicks--the unconstitutional and voidable guilty plea vacated and set aside, because the fact that both co-defendants were charged (CRF-02-52), and stood side by side in each and every court proceeding, including the guilty plea hearing wherein the trial judge foisted a "patently erroneous" misstatement of the felony murder rule. Also, both attorneys remained silent when hearing the judge recanting [sic] incorrect law."

*Id.* at 4.

Petitioner claims in his Rule 60 motion that the federal courts misapplied the statute of limitations in dismissing his habeas petition. *Id.* He contends "the fraud, collusion, trickery, and subornation of perjury" by those representing the State, the appointed attorneys and the judge's malfeasance resulted in his illegal conviction. *Id.* He argues the statute of limitations cannot be used to deny him relief, when he was wrongfully incarcerated without due process of law. *Id.* at 4-5. A proper Rule 60(b) motion, however, "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosley*, 545 U.S. 524, 532 (2006) (footnote omitted).

Petitioner argued that the outcome of his co-defendant's case presented a basis for relief, because it involved "the identical facts, issues, and errors on [sic] the trial court in erroneously interpreting Oklahoma law and making an amalgamation, from the bench, foisting the State's orally amended 'inherently dangerous act' is felony murder and the trial judge said, 'You're guilty of murder, do you understand that?'" *Id.* at 5-6. Apparently in response to the Tenth Circuit's finding that he had mistakenly argued legal innocence instead of factual innocence, *Edwards*, No. 08-7011, slip op. at 2-3, he apparently is arguing in his Rule 60(b) motion that he is *factually* innocent. (Dkt. 29 at 9 n.7, Dkt. 29 at 35).

Rule 60(b) states as follows:

[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The respondent alleges petitioner's Rule 60(b) motion is untimely. The Supreme Court has held that "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*, 545 at 528. Motions pursuant to Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, plaintiff's request for relief under Rule 60(b)(1) and Rule 60(b)(3) are untimely.

Petitioner asks this court "to adhere and follow the guidance of the Tenth Circuit Court of Appeals to that of his co-defendant, Gary Lee Hicks." (Dkt. 29 at 6). He is arguing that because his circumstances are identical to those of his co-defendant, he

should receive the same relief as Mr. Hicks. He did not, however, raise this claim in his time-barred habeas petition, and a Rule 60(b) motion is not the proper avenue to present new habeas corpus claims. *See Gonzalez*, 545 U.S. at 531-32. The court can grant him relief under Rule 60(b) only for the reasons enumerated in the statute. The issue is whether he should receive relief from the court's judgment finding his habeas petition was out of time. The results of Mr. Hicks' habeas action, however, could not have been known and considered at the time petitioner's petition was dismissed.

Regarding petitioner's requests for relief under Rule 60(b)(4) and 60(b)(5), the court finds he has not shown he is entitled to relief, and the motion was not made in a reasonable time. He has failed to make a showing that the judgment is void, satisfied, released, or discharged, or that it is based on an earlier judgment that has been reversed or vacated. Petitioner does not allege this court lacked jurisdiction to rule on the matter, and he fails to allege what circumstances make the judgment void. Furthermore, the judgment has not been satisfied, released, or discharged, and petitioner has not shown that applying it prospectively is no longer equitable. *See* Fed. R. Civ. P. 60(b)(4)-(5).

Rule 60(b)(6) . . . permits reopening of the case "when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528-29 (citations omitted). Petitioner's claim that the court made a mistake in law in dismissing his petition as time-barred should have been timely raised pursuant to Rule 60(b)(1).

Rule 60(b)(6) requires "that the motion be made in a reasonable time." *Id*. at 535 (internal quotations omitted). Further, "a movant seeking relief under Rule 60(b)(6) [is required] to show 'extraordinary circumstances' justifying the reopening of a final

judgment." *Id.* (citations omitted). After careful review, the court finds petitioner has failed to show extraordinary circumstances that would satisfy this requirement, and he has presented no facts or authority to show he is entitled to relief from the court's determination that the petition was filed after expiration of the statute of limitations. The court further finds petitioner has not shown he diligently pursued this matter or that some impediment prevented him from filing the motion, and his Rule 60(b)(6) was not filed in a reasonable time.

As for his claim of *actual* innocence, the court finds petitioner has not presented any evidence for this assertion. He argues that he is actually innocent, because a critical element of the crime was misstated by the trial court. (Dkt. 1 at 35). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). Furthermore, there is nothing in the record showing that the co-defendant (who petitioner claims had identical circumstances) was found to have been actually innocent. Instead, it was determined that Mr. Hicks did not receive notice that a depraved mind was an element of second-degree murder. *Hicks*, 546 F.3d at 1287. As discussed above, Mr. Hicks withdrew his guilty plea for second-degree murder, entered another guilty plea to second-degree murder, and his sentence was reduced.

After careful review, the court finds petitioner is not entitled to relief under Rules 60(b)(1), 60(b)(3), 60(b)(4), 60(b)(5), or 60(b)(6) of the Federal Rules of Civil Procedure.

**ACCORDINGLY,** petitioner's motion for relief from judgment pursuant to Rule 60(b) (Dkt. 29) is DENIED.

**ENTERED** this 21st day of August, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma